1  John P. Perkins, III
   SHULTS, BROWN & PERKINS, LLP
2  200 W. Capitol Avenue, Suite 1600
   Little Rock, Arkansas 72201-3637
3  (501) 375-2301
   Cal. Bar No. 262757
4

5  Steven Shults
   SHULTS, BROWN & PERKINS, LLP
6  200 W. Capitol Avenue, Suite 1600
   Little Rock, Arkansas 72201-3637
7  (501) 375-2301

8  Leonard A. Sclafani
   LEONARD A. SCLAFANI, P.C.
9  2 Wall Street – 5th Floor
10 New York, New York 10005
   (212) 696-9880
11

12                   UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
13                      SACRAMENTO DIVISION

| AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE; SHREEKANTH CHERUKU; ANJAN PATEL; AMBER MILWARD; and JUSTIN T. HARNEY       Plaintiffs, <br><br> v. <br><br> THE MEDICAL BOARD OF CALIFORNIA       Defendant. | **AMENDED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45** <br><br> CASE NUMBER: 2:10-MC-0041 (FCD) (DAD) |
|---|---|

20

21        American University of Antigua College of Medicine ("AUA"), Shreekanth

22  Cheruku, Anjan Patel, Amber Milward, and Justin T. Harney, plaintiffs in the underlying

23  action, submit this amended motion to compel the Medical Board of California, a non-

24  party in the underlying litigation, to comply with plaintiffs' document subpoena, and state

25  as follows:

26

AO 72
(Rev. 8/82)                              1

1.     Plaintiffs filed a motion to compel on April 15, 2010, requesting an order compelling compliance with two categories of documents requested in a document subpoena issued and served upon the Medical Board of California. The dispute centered on documents the Medical Board of California used to include certain foreign medical schools on its lists of "approved" and "disapproved" foreign medical schools.

2.     Plaintiffs have negotiated in good faith with the Medical Board of California, and have reached an agreement regarding the production of the majority of the documents in dispute in plaintiffs' original motion to compel.

3.     However, the Medical Board of California has improperly asserted the deliberative process privilege as a bar to the production of certain of the disputed documents requested in the original motion to compel, including documents related to AUA's application for approval to the Medical Board of California. *See* Exhibit A, Privilege Log.

4.     As detailed in plaintiffs' original motion to compel, the documents the Medical Board of California used to include certain schools on its lists of "approved" and "disapproved" foreign medical schools are highly relevant to plaintiffs' underlying claims.

5.     Plaintiffs allege in the underlying lawsuit that the Arkansas State Medical Board included AUA on its list of "disapproved" foreign medical schools based solely on the fact that AUA was not included on the Medical Board of California's list of "approved" schools, which meant AUA's graduates were not recognized for licensure in California. *See* Exhibit A to Motion to Compel at 2, 10, 16-17 (Docket No. 1).

6.     Plaintiffs further allege in the underlying lawsuit that the Medical Board of California's regulation regarding the licensure of foreign medical graduates, CAL. CODE

REGS. Tit. 16, § 1314.1, and the practices of the Medical Board of California in the interpretation and application of that regulation, intentionally discriminate against citizens of the United States of America. *See* Exhibit A to Motion to Compel at 16-18 (Docket No. 1). The Medical Board of California subjects foreign medical schools located in the Caribbean and Central American region, whose students are predominantly citizens of the United States, to intense, time-consuming, arbitrary, non-objective, and costly evaluation before approving these foreign medical schools and awarding licenses to their graduates. *See* Exhibit A to Motion to Compel at 14, 17 (Docket No. 1). In contrast, the Medical Board of California provides little to no review of foreign medical schools located outside the Caribbean or Central American region whose student bodies are predominantly not citizens of the United States, for example foreign medical schools located in India or Pakistan. *See* Exhibit A to Motion to Compel at 17 (Docket No. 1).

7.  Plaintiffs allege that the Arkansas State Medical Board, in adopting the Medical Board of California's lists of "approved" and "disapproved" foreign medical schools, violated plaintiffs' substantive and procedural due process rights and violated their equal protection rights, given the Medical Board of California's disparate review of foreign medical schools whose student bodies are predominantly United States citizens. *See* Exhibit A to Motion to Compel at 19-22 (Docket No. 1).

8.  The Medical Board of California has now improperly asserted the deliberative process privilege as a bar to the production of responsive and relevant documents.

9.  The Medical Board of California has asserted the privilege for documents that involve decisions made in the routine course of the Medical Board, namely whether to

approve, disapprove or not recognize a particular foreign medical school, and that do not involve how the overarching policies of the Board are formulated. The only documents protected under the deliberative process privilege would be documents that are both (1) pre-decisional, and (2) actually related to the process by which policies are formulated. *Assembly of the State of Cal. v. U.S. Dept. of Commerce*, 968 F.2d 916 (9th Cir. 1992). The deliberative process privilege is intended to protect only the process by which policies are formulated and important decisions are made beyond the routine. *See Scott v. Board of Education of the City of East Orange*, 219 F.R.D 333, 337 (D.N.J. 2004); *Soto v. City of Concord,* 162 F.R.D. 603, 612-13 (N.D. Cal. 1995). The decisions about whether particular schools should be approved, disapproved, or not recognized, do not involve the process by which policies of the Board are formulated, but involve the application of policy to make decisions about particular foreign medical schools, and the deliberative process privilege is inapplicable.

10. Plaintiffs request that this Court compel the Medical Board of California to produce documents responsive to paragraphs 5 and 6 of Schedule "A" to the subpoena, which it has refused to provide on the basis of the deliberative process privilege.

11. In accordance with Local Rule 251, if the parties are unable to resolve this dispute, a Joint Statement regarding Discovery Disagreement will be submitted to the Court.

DATED: June 17, 2010.

> Leonard A. Sclafani
> LEONARD A. SCLAFANI, P.C.
> 2 Wall Street – 5th Floor
> New York, New York 10005
> (212) 696-9880

1

SHULTS, BROWN & PERKINS, LLP
200 West Capitol Avenue, Suite 1600
Little Rock, AR 72201-3637
(501) 375-2301

2

3

4

By:   /s/ John Perkins
      John P. Perkins, III
      Cal. Bar No. 262757
      Ark. Bar No. 2005252

5

6

7

      Debra K. Brown
      Ark. Bar No. 80068

8

      Steven Shults
      Ark. Bar No. 78139

9

10

*Attorneys for Plaintiffs*

11

## CERTIFICATE OF SERVICE

12

13

I certify that on June 17, 2010, I directed a process service company to serve by personal service this Amended Motion to Compel Compliance with Subpoena Pursuant to Federal Rule of Civil Procedure 45 on the following:

14

15

16

17

Linda Whitney
Interim Executive Director
The Medical Board of California
2005 Evergreen Street, Suite 1200
Sacramento, CA 95815

18

19

20

21

Further, this Amended Motion to Compel Compliance with Subpoena Pursuant to Federal Rule of Civil Procedure 45 was served on the following counsel of record in the underlying litigation, *American University of Antigua College of Medicine, et al. v. Arkansas State Medical Board, et al.*, United States District Court - Eastern District of Arkansas, Case No. 4:09-CV-00306SW, by first class U.S. Mail:

22

23

24

Mark N. Ohrenberger
Arkansas Office of Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201-2610
Mark.ohrenberger@arkansasag.gov

25

26

By:   /s/ John Perkins
      John P. Perkins, III

✎AO 72
(Rev. 8/82)

5